Citation Nr: 1749192 
Decision Date: 10/31/17 Archive Date: 11/06/17

DOCKET NO. 09-03 393 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Entitlement to compensation under 38 U.S.C.A. § 1151 for residuals of a myocardial infarction.

2. Entitlement to a rating in excess of 50 percent for posttraumatic stress disorder (PTSD) with depressive disorder and anxiety disorder. 

3. Entitlement to total disability evaluation based on individual unemployability (TDIU).


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. Forde, Associate Counsel 
INTRODUCTION

The Veteran served on active duty in the United States Air Force from January 1955 to November 1958.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a November 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. The case was subsequently transferred to the RO in Roanoke, Virginia.

In his January 2009 substantive appeal, the Veteran requested a hearing at a local VA office, but withdrew his request in October 2010. See 38 C.F.R. § 20.704(e).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


The Board remanded the appeal in May 2012 and May 2013 for further development. It is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran asserts that his October 26, 2006 abdominal aortic aneurysm (AAA) surgery was performed by VA without adequate information from a stress test on October 5, 2006, and that the subsequent heart attack following the AAA repair was the result of VA not conducting a heart evaluation. See May 2007 statement. Further, in his April 2012 appellant's brief, his representative asserts that an October 1, 2002 VA radiology report revealed that the Veteran's left carotid system showed a mild degree of stenosis in the 50 to 60 percent range involving the bifurcation up to the ICA origin. This area showed calcified atherosclerotic plaquing of moderate severity. During the October 5, 2006 stress test, the Veteran developed "ST depression requiring SL ntg x2 to revert to baseline. Prescription for SL ntg provided." The December 2012 VA medical opinion fails to address the October 5, 2006 stress test and the October 1, 2002 VA radiology report. As such, a new medical opinion should be obtained on remand, to be provided by a VA Medical Center (VAMC) other than the Salem VAMC. 
The Veteran's claim for TDIU is inextricably intertwined with the remanded claim; thus, consideration of this matter must be deferred pending resolution of this claim. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (holding that where a claim is inextricably intertwined with another claim, the claims must be adjudicated together in order to enter a final decision on the matter).

Additionally, review of the claims file reveals that the Veteran is in receipt of Social Security Administration (SSA) disability benefits. Such records should be sought upon remand. See Golz v. Shinseki, 590 F. 3d 1317 (Fed. Cir. 2010). Ongoing VA treatment records should also be associated with the record. 

Finally, in March 2009, the Veteran filed a timely Notice of Disagreement with a January 2009 rating decision continuing his 50 percent rating for PTSD with depressive disorder and anxiety disorder, requiring issuance of a Statement of the Case on remand. Manlincon v. West, 12 Vet. App. 238 (1999).

Accordingly, the case is REMANDED for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Obtain all outstanding VA treatment records.

2. Request the Veteran's SSA records. If records are unavailable, a negative response must be associated with the claims file and the Veteran notified pursuant to 38 C.F.R. § 3.159(e). 

3. Then obtain a VA opinion to determine the origin of his claimed residuals of a myocardial infarction (provided by a VAMC other than the Salem VAMC). No examination of the Veteran is necessary, unless the examiner determines otherwise. The claims file should be made available to and reviewed by the examiner. After a review of the claims file, the examiner should provide answers to the following inquiries:

(a) Is it at least as likely as not (a 50 percent or greater probability) that the Veteran incurred additional disability, to include residuals of a myocardial infarction as a result of his abdominal aortic aneurysm by VA in October 2006 and any follow up treatment? If additional disability exists, what is the nature of such additional disability? 

(b) If additional disability exists, is it as least as likely as not (a 50 percent or greater probability) that such additional disability was the result of carelessness, negligence, lack of proper skill, error in judgment or similar instance of fault on the part of VA in furnishing care? In answering this question, the examiner must specifically address the October 5, 2006 stress test showing "ST depression requiring SL ntg x2 to revert to baseline. Prescription for SL ntg provided," the October 1, 2002 VA radiology report that revealed a mild degree of stenosis in the 50 to 60 percent range involving the bifurcation up to the ICA origin and calcified atherosclerotic plaquing of moderate severity, and the medical opinion of Dr. Watrous dated in November 2007 and Dr. Barton's November 2006 amended report.

(c) If additional disability exists, is it at least as likely as not (50 percent probability or greater) that such additional disability was due to an event not reasonably foreseeable?
The examination report must include a complete rationale for all opinions expressed. If the examiner feels that a requested opinion cannot be rendered without resorting to speculation, the examiner must provide a rationale for this conclusion.

4. Separately, issue an SOC addressing the issue of entitlement to a rating in excess of 50 percent for PTSD with depressive disorder and anxiety disorder.

5. Then, after taking any additional development deemed necessary, readjudicate the issues of entitlement to compensation under § 1151 for residuals of a myocardial infarction and entitlement to a TDIU.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).